Michael Singer
146 Park Avenue
Harrison, New York 10528-4208
Telephone: (619) 991-0403
E-mail: mikesinger75@gmail.com

FILED
OCT 15 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Non-Party Deponent in Pro Per

FILED BY FAX

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENUS LIFESCIENCES, INC, <br><br> Plaintiff, <br><br> vs. <br><br> LANNETT CO., INC. et al., <br><br> Defendants. | ) CASE NO.   3:18-cv-07603-WHO <br> ) <br> ) NOTICE OF MOTION and MOTION TO <br> ) QUASH SUBPOENA OR FOR PROTECTIVE <br> ) ORDER and MEMORANDUM OF POINTS <br> ) AND AUTHORITIES IN SUPPORT OF <br> ) MOTION FOR PROTECTIVE ORDER <br> ) <br> ) DATE: <br> ) TIME: <br> ) COURTROOM: <br> ) JUDGE:      Honorable William H. Orrick |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on _____[date], at _____[time], or an soon thereafter as the matter can be heard, in the courtroom of the Honorable William H. Orrick located at San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102. I, Michael Singer, a Non-Party Deponent will and hereby does, move for an order granting the attached Motion to Quash the Subpoena and/or for a Protective Order.

The Motion to Quash Subpoena and/or For a Protective Order will be based upon this Notice of Motion, Motion, Memorandum of Points and Authorities, Declaration of Michael Singer and on the documents on file in this matter. This Notice of Motion and Motion and the

---
NOTICE OF MOTION and MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER
Page 1

Proposed Order are concurrently filed herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Non-Party Deponent, Michael Singer, hereby submits this Memorandum of Point and Authorities in Support of his Motion for a Motion to Quash and/or for a Protective Order in the above-entitled matter.

## RELEVANT FACTS

The Non-Party Deponent, Michael Singer, was hereby served by agreement, by email on September 11, 2019. At the time he was served with the Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action (hereinafter referred to as "SDT"), it was accompanied with a Stipulated Protective Order [Document 63] filed on June 24, 2019, which is sixteen (16) pages long and includes and Exhibit A which requires me to be bound by the Stipulated Protective Order and Subject to Sanctions for violation of such. The SDT requires production on October 2, 2019.

The Non-Party Deponent spoke and corresponded with counsel regarding how to respond to this document and as such, wrote a letter to all parties of his knowledge, who are parties and requested that they agree to essentially the following terms:

> 1. A full review of all my files and records, hard-copy and digital will take me approximately four hours of work.
> 2. I will then make a list identifying of all the documents, hard-copy and digital documents which I find that I believe are responsive to your subpoena duces tecum, and that will take me approximately 1.5 hours.
> 3. I will submit that list to both you and Mr. Samuel Israel, and the both of you can determine which documents fit into what categories and how they interact with the Stipulated Protective Order. Both parties can determine which documents I produce and to whom.
> 4. When you have either an agreed upon list or an order from the Court, I will then comply and produce from that join letter or Court Order. I am not sure how much time this will

    require as I do not currently have that list.
    5.  I will require payment for both my time and the costs for copying. The costs for copying is $0.45 per copy and I am requiring $250.00 per hour for my time in finding the documents and then assembling them.
    6.  I am unable to search for and all the documents by October 2, 2019. Once both parties have reached and agreement or obtained a court order, I will need thirty (30) days to assemble the documents list.

  On September 26, 2019, Non-Party Deponent received a call from attorneys for Plaintiff and was asked if this is how he wanted to handled this, which he assumed meant the manner he suggested in his letter. On September 27, 2019 the Non-Party Deponent sent an email to counsel for GENUS LIFESCIENCES, INC. (hereinafter referred to as "GENUS") and LANNETT CO. INC., (hereinafter referred to as "LANNETT") requesting that they respond on this matter prior to the religious holidays for which he would be unavailable. Non-Party Deponent received no response until September 28th at 1:35 p.m. At that time of this hearing the parties and the Non-Party Deponent Michael Singer have exchanged letters and emails trying to address the issues with the compliance with the subpoena. The letters and emails are attached to this Affidavit of Michael Singer.

  The Non-Party Deponent was employed by Defendant LANNETT, however, has moved at least twice since the time he was employed with Defendant LANNETT. This Subpeona Duces Tecum in highly burdensome to him as any and all documents he has regarding his employment with the Defendant LANNETT is in storage in hard copy form or in digital format and will require him to put forth substantial time and effort to assemble. Further, he is certain that he will violate the terms of the Stipulated Protective Order if he attempts to ascertain for himself which documents he must produce to comply. This action will subject him to sanctions.

  In addition to the burdensome nature, the Non-Party Deponent believes that at least some of the documents are protected by privilege or other protections and production of such will subject him to sanctions by LANNETT. LANNETT had demanded that no documents, or even a

NOTICE OF MOTION and MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER
Page 3

1 list of the documents be produced until such time as they review all in his possession.

2 Further, he attempted to present a valid conversation regarding the burden which he faces in complying with this SDT and sent the letters with the above-referenced terms and negotiations. The Parties in this action, have refused to address the issues raised in his letter. They have failed to address the concerns and the burden on a non-party deponent of materials he believes to already be in the possession of the parties.

## ARGUMENT

### I. The Records Requested are All in the Possession of a Party

The SDT requests the following documents:

1. Any agreements you have, or had in the past with Lannett, including employment agreement or agreements.
2. Promotional literature, advertisements, training materials, or other materials relating to C-Topical or cocaine hydrochloride.
3. Communications with Lannett, doctors (including but not limited to otolaryngologists (ENTs) and plastic surgeons), pharmacists, surgery centers, customers, potential customers, or other parties relating to cocaine hydrochloride.

Category Number three is footnoted with the following - To assist you in identifying relevant documents, this requests seeks information on communications involving the following non-limited topics related to cocaine hydrochloride; (a) the promotion of any cocaine hydrochloride; (b) the U.S. Food and Drug Administration approval status for cocaine hydrochloride; (c) indications for using cocaine hydrochloride; (d) the routes of administration for C-Topical and cocaine hydrochloride; (e) the grandfather status of C-Topical and cocaine hydrochloride; (f) the marketing of C-Topical and cocaine hydrochloride under a preliminary new drug application; (g) whether C-Topical was a generic or brand pharmaceutical product; (h) the packaging and labeling of C-Topical; (i) representations to wholesalers about C-Topical and cocaine hydrochloride; (j) representations to First Databank or Medi-Span about C-Topical and cocaine hydrochloride; (k) customer confusion about C-Topical and cocaine hydrochloride.

///

///

It is clear from the types and category of records requested that all of these records were created by or in the custody and control of the Defendant LANNETT, either in hard-copy or digital format.

The Affidavit of Michael Singer, also makes fully clear that he has no documents that are not already in the custody and control of LANNETT as he provided all that he has to LANNETT. It also makes clear that burdensome nature of his compliance, which has increased since the first letter.

This SDT is to a Non-Party and as set forth above requires substantial time and effort to assemble all the documents in his possession, which he believes to be in excess of five hundred pages. Further, since those records as in his possession, he would need to copy them to ascertain that they are properly protected under the Stipulated Protective Order to avoid sanctions. Further, if these documents are privileged, or otherwise protected, such as trade secrets or otherwise, he would be subject to a suit for their production. Since the letter, he has does some review and believes that the amount of time now may be more to the amount of fifteen (15) hours just to assemble the documents and make the list.

This catch-22 situation is one that this Court can protect him from. If he does not produce, GENUS may seeks sanctions for non-compliance and if he produces protected documents LANNETT may sue him for releasing protected company material. To avoid these issues, he suggested that he produce a list of documents, that the parties determine or litigate which documents should be produced and that he be given then a list of documents to produce to avoid the liability from either side. However, as of Thursday October 10, 2019 there was no agreement of how to proceed. See the Affidavit of Michael Singer the October 10, 2019 email by *Julia Chapman with Dechert*.

///

///

///

As this SDT places him in this catch-22 situation, and the parties cannot agree on a procedure, the Non-Party Deponent requested that GENUS withdraw the subpoena until they could agree as to how to avoid the problems. The issuing party GENUS will not agree to withdraw the subpoena.

This is SDT is oppressive and overburdensome to expect a non-party to spend the time and monies, without compensation, when the records are already in the possession and control of a party. It is further oppressive to place a non-party in a situation where if he complies he can be sued and if he does not comply he will be sanctioned for non-compliance.

The Court should deny the SDT in total, as the requested documents are in the custody and control of the parties, and it is overburdensome and cummulative to force a non-party to produce such records. To force him to do so at this own cost is inappropriate and oppressive when that time will also subject him to liability.

## II. THE RELEASE OF THE RECORDS COULD CAUSE HIM TO BE SUBJECT TO SANCTIONS

Attached to the SDT is a Stipulated Protective Order, as set forth above, which requires the Non-Party Deponent, Michael Singer, to sign and be subject to the agreement. It is a complex Stipulated Protective Order and the incorrect designation of a document to the wrong category, and release of such a document will cause him to be sanctioned. It is impossible, for an former employee to be aware of what category and level of protection could attach to each document, without the possibility of sanctions being incurred.

In addition to the Stipulated Protective Order, the documents in the possession of the Non-Party Deponent at those he obtained while employed at LANNETT and he believes at least some of them are protected by privilege and other protections such as trade secrets. However, is he not qualified to make such an assessment. He sought a manner of compliance by asking the parties to agree to a process where they would either stipulate or litigate the release of the

...

documents from a list he created of what he had, and then we would produce those stipulated or ordered by the Court. As this is generally how privileged documents are handled, he believed it to be a reasonable method of threading the space between the parties and the possible sanctions from either side. No real progress has been made and GENUS has refused to withdraw the subpoena and compliance is due October 16, 2019.

To avoid the possibility of sanctions the Non-Party Deponent suggested that he create a listing of the documents that he has, and that the Parties thereby either agree or litigate the status of the documents and produce for the Non-Party Deponent what should occur with each document on the listing. The Non-Party Deponent has no legal training and as such, forcing him to face the possibility of sanctions in light of the complex Stipulated Protective Order is oppressive. He should not be required to determine the status of the documents when the parties are in the best position to determine the status and inform him of how he should proceed to avoid the sanctions from either side.

The Court, if it does not agree that the SDT should be dismissed in total, it should order the party issuing the subpoena to pay for the Non-Party Deponent's time in assembling the requested documents. It should further order the Parties to either enter into an agreement as to the treatment of each document to avoid the Non-Party Deponent from being the subject of sanctions if he misunderstands or makes a mistake as to how a document should be handled pursuant to the Stipulated Protective Order. To be subjected to sanctions or be forced to litigate the status of those documents is overburdensome and cummulative, as the Parties already have the documents requested.

The Parties are in the best position to avoid any confusion or release of protected documents, by either agreeing or litigating the issues of the release of the documents and/or their protected status. Further, a Non-Party Deponent should not be placed in the danger of sanctions when it is the in the interests of justice and judicial economy for the Parties to first determine the status of the documents prior to any need to produce those documents.

### III. THE COURT HAS BROAD DISCRETION TO ISSUE A PROTECTIVE ORDER, QUASH OR MODIFY THE SUBPOENA

Both the rules and case law make it clear that the granting or denial of a protective order is within the discretion of the Court. A court has broad discretion to quash or modify a subpoena and/or issue a protective order on a showing of good cause. *See* Fed. R. Civ. P. 26(c)(2)(C)(i) & (ii) and 45. "[T]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party opposing disclosure has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. *Foltz v. State Farm Mut. Auto. Ins. Co.*, (2003) 331 F.3d 1122, 1130 (9th Cir.).

In the instant matter, the Subpoena Duces Tecum requires a Non-party Deponent to produce the materials which are already in the possession and control of Party. Further, it requires a great deal of time, effort and money on his part to do so. Finally, it subjects him to the possibility of sanctions if he fails to properly identify a document and improperly produces such a document in the production ordered by the SDT which may be protected.

It is in the interests of justice to have the parties first either stipulate and/or litigate the use of the documents that are in the possession of Michael Singer. That LANNETT already has these documents means that the forced compliance is cummulative. GENUS can simply obtain these records from LANNETT by Document Request. He request this Court grant him a protective order which will do more than Quash or modify the subpoena, but will order the parties to first obtain the documents from the other party, address which can be released and only require him to produce what is not available from the existing parties.

### IV. GENUS WAS AWARE THAT ANY PRODUCTION COULD SUBJECT HIM TO SANCTIONS

GENUS was aware, at the time they issued this subpoena to Michael Singer and other former employees of LANNETT that the documents they seek, which is a very broad category of

---
NOTICE OF MOTION and MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER
Page 8

documents, would include documents that are privileged and/or otherwise protected. In their communication with the Non-Party Deponent they failed to in anyway provide him information that would allow him to protect himself by giving him notice of this fact. In fact, even after being told that all of the documents he had in his possession and control had all been given to LANNETT, and as such, that those documents were available from a party, they continued to insist on production of the documents. They have been made aware that LANNETT is objecting to even the production of a listing of documents without their prior approval of the list and still will not withdraw the subpoena.

This matter should be being litigated between the parties, and not subjecting a Non-Party Deponent to the type of catch-22 situation in which they have place him.

## CONCLUSION

As discussed above, these records are already in the possession and control of the Parties, and as such this request to a Non-Party Deponent is overburdensome, oppressive, cummulative and will subject him to sanctions, regardless of how he proceeds. The Non-Party Deponent made an effort to address these issues with the Parties, but they refused to address the problems with this Subpoena Duces Tecum. This addressing of this Subpoena Duces Tecum has already cost him several hours of research and work. This Court should grant the Non-Party Deponent's Motion to Quash and/or Protective Order and order the following:

1. That the Party issuing the Subpoena can either withdraw the Subpoena or pay the Non-Party Deponent, Michael Singer, $250.00 per hour for his time in complying with this subpoena by creating a list of documents in his possession and control.

2. That list will be provided to the Court and the parties may then address, how to release those documents on that list with the court and each other.

///

3.   Order that the listing of documents is to be assembled in thirty (30) days from the date of the Order;

4.   Order that after the parties have either stipulated or litigated the items on the list, and that those documents are not able to be provided by a party, that the Court Order that the production of the documents will be thirty (30) days after the Stipulated List or Order from the Court is presented to Michael Singer.

5.   For $2,000.00 for the time in having to research and litigate these issues, between the parties, after research and presentation of this Motion.

6.   For any other or further relief as this Court deems appropriate.

Dated: October 14, 2019                    Respectfully submitted,

_____
Michael Singer
Non-Party Deponent In Pro Per

## PROOF OF SERVICE

I am employed in the County of Los Angeles, I am over the age of eighteen years and not a party to the within entitled action, my business address 444 Ocean Blvd., Suite 800 -PMB #975, Long Beach, CA 90802.

I, Crystal Anderson, served a copy of the following document(s) described as:

1. Notice of Motion and Motion to Quash and/or for a Protective Order and Memorandum of Points and Authorities in Support of Motion for Protective Order
2. Affidavit of Michael Singer in Support of Motion to Quash and/or for a Protective Order
3. Notice of Motion and Motion for Telephonic Appearance
4. Proposed Order Granting Motion for Telephonic Appearance
5. Request to Permission for Electronic Filing
6. Proposed Order Granting Permission for Electronic Filing

the interested party(ies) in this action as follows:

| Party | Name | Email |
|---|---|---|
| Plaintiff: Genus Lifesciences Inc. | Allen R Bachman | allen.bachman@klgates.com |
| Plaintiff: Genus Lifesciences Inc. | Michael J. Freno | michael.freno@klgates.com |
| Plaintiff: Genus Lifesciences Inc. | Jason N. Haycock | jason.haycock@klgates.com |
| Plaintiff: Genus Lifesciences Inc. | Jeffrey C. Johnson | jeff.johnson@klgates.com |
| Plaintiff: Genus Lifesciences Inc. | Harold M Storey | harold.storey@klgates.com |
| Plaintiff: Genus Lifesciences Inc. | Elizabeth J. Weiskopf | elizabeth.weiskopf@klgates.com |
| Defendants: Lannett Company, Inc. & Cody Laboratories, Inc. | Julia E. Chapman | julia.chapman@dechert.com |
| | Tiffany E. Engsell | tiffany.engsell@dechert.com |
| | George G. Gordon | george.gordon@dechert.com |
| | John P McClam | john.mcclam@dechert.com |
| | Nisha N. Patel | nisha.patel@dechert.com |

NOTICE OF MOTION and MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER
Page 11

| | | | |
|---|---|---|---|
| Defendant: First Databank, Inc. | Thomas R. Burke | Email: thomasburke@dwt.com |
| Defendant: First Databank, Inc. | Ravi Sitwala | Email: rsitwala@hearst.com |

___ **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices. On the same day that correspondence is place for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Los Angeles, California, in a sealed enveloped with postage fully prepaid.

___ **BY OVERNIGHT DELIVERY:** I enclosed the document(s) in an enveloped or package provided by an overnight delivery carrier and addressed as above. I place the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

___ **BY FACSIMILE:** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at the fax number(s) listed above. The telephone number of the sending facsimile machine was [sender's fax number]. The sending facsimile machine issued a transmission report confirming that the transmission was complete and without error. A copy of that report is attached.

_X_ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from crystal@crystalanderson.info to the person(s) at the e-mail address(es) listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 15, 2019, at Las Vegas, Nevada.

*Crystal Anderson*

_____
Crystal Anderson

NOTICE OF MOTION and MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER
Page 12