1  DECHERT LLP
   George G. Gordon (Pa. 63072)
2  george.gordon@dechert.com
   Julia Chapman (Pa. 315959)
3  julia.chapman@dechert.com
   John P. McClam (Pa. 321252)
4  john.mcclam@dechert.com
   Tiffany E. Engsell (Pa. 320711)
5  tiffany.engsell@dechert.com
   Cira Centre
6  2929 Arch Street
   Philadelphia, Pennsylvania  19104-2808
7  Telephone:   +1 215 994 4000
   Facsimile:    +1 215 994 2222
8

9  DECHERT LLP
   Nisha Patel (Cal. 260709)
10 nisha.patel@dechert.com
   2240 W. El Camino Real, Ste. 700
11 Mountain View, CA 94040
   Telephone:   +1 650 853 4800
12 Facsimile:    +1 650 853 4848

13 *Attorneys for Defendants*
   *Lannett Company, Inc. and Cody Laboratories, Inc.*
14

15                UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17                  SAN FRANCISCO DIVISION

18

19 Genus Lifesciences, Inc.,                     Case No.  3:18-cv-07603-WHO

20             Plaintiff,                         **DEFENDANTS LANNETT CO. INC. &
                                                  CODY LABORATORIES, INC.'S ANSWER**
21 v.                                             **TO GENUS'S SECOND AMENDED
                                                  COMPLAINT**
22 Lannett Company, Inc. and Cody
   Laboratories, Inc.,                            Date:
23
              Defendants.                         Time:
24
                                                  Dept:      Courtroom 2, 17th Floor
25

26

27

28

DECHERT LLP
ATTORNEYS AT LAW
PHILADELPHIA

### I.   PRELIMINARY STATEMENT

Defendants Lannett Company, Inc. ("Lannett") and Cody Laboratories, Inc. ("Cody") (collectively, "Lannett" or "Defendant"), through their undersigned counsel, hereby answer the Second Amended Complaint filed by Plaintiff Genus Lifesciences, Inc. ("Genus" or "Plaintiff").

### II.   ANSWER

1.    The allegations in Paragraph 1 purport to describe the action and do not constitute averments of fact and therefore no response is required.  To the extent a response is required, Lannett denies the allegations in Paragraph 1.

2.    Lannett admits the allegations in the first sentence of Paragraph 2.  Lannett denies the allegations in the second sentence of Paragraph 2 to the extent they are inconsistent with the documents or materials referenced therein.  Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 2, and on that basis denies them.

3.    Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and on that basis denies them.

4.    Lannett admits only that its C-Topical product had not been approved by the FDA.  Lannett denies the remainder of the allegations in Paragraph 4.

5.    Lannett admits only that C-Topical was not approved pursuant to a New Drug Application or an Abbreviated New Drug Application.  Lannett also admits that the FDA requested that Lannett stop distributing C-Topical as of August 15, 2019.  To the extent Paragraph 5 contains legal conclusions, Lannett denies those legal conclusions.   Lannett denies the remainder of the allegations in Paragraph 5.

6.    Lannett admits only that is sold C-Topical in the United States from at least 2008 until August 2019.  Lannett further admits that its C-Topical product had not been approved by the FDA or a California state agency.  Lannett denies the remainder of the allegations in Paragraph 6.

7.    Lannett denies the allegations in Paragraph 7.  To the extent Paragraph 7 references documents, those documents are in writing and speak for themselves.  Lannett denies Genus's

characterization of those documents to the extent it is inconsistent with the documents themselves.

8.      Lannett admits only that C-Topical was not approved by the FDA.  Lannett denies the remainder of the allegations in Paragraph 8.

9.      Lannett denies the allegations in Paragraph 9.

10.     Lannett denies the allegations in Paragraph 10.  To the extent Paragraph 10 contains legal conclusions, Lannett denies those legal conclusions.

11.     Lannett admits only that Plaintiff purports to seek an injunction and damages as relief described in Paragraph 11.  Lannett denies that Plaintiff is entitled to an injunction, damages, or any other relief.  Lannett denies the remainder of the allegations in Paragraph 11.

12.     Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12, and on that basis denies them.

13.     Lannett admits the allegations in Paragraph 13.

14.     Lannett admits only that Cody was the wholly owned subsidiary of Lannett with its principal place of business in Cody, Wyoming, until it was closed in June 2019.  Lannett admits that Cody historically manufactured and packaged C-Topical.  Lannett denies that it includes Cody's name on its packaging and drug as the "labeler."

15.     The allegations in Paragraph 15 are legal conclusions to which no response is required.

16.     The allegations in Paragraph 16 are legal conclusions to which no response is required.  To the extent a response is required, Lannett admits it has conducted business within the Northern District of California.

17.     The allegations in Paragraph 17 are legal conclusions to which no response is required.  To the extent a response is required, Lannett admits only that it has contacts in California and that C-Topical was distributed in the District.  Lannett denies the remainder of the allegations in Paragraph 17.

18.     Lannett admits only that it marketed C-Topical through use of advertisements, dedicated sales teams, and other means in California and elsewhere in the United States.  Lannett denies the remainder of the allegations in Paragraph 18.

19.     Lannett admits the allegations in Paragraph 19.

20.     The allegations in Paragraph 20 are legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 20 characterize activity in *Robert Horowitz et al. v. Caraco Pharm. Labs., Ltd. et al.*, No. 2:10-cv-00298-GHK-JEM (C.D. Cal. 2010), the docket entries in that case are in writing and speak for themselves.  Lannett denies the allegations in Paragraph 20 to the extent that are inconsistent with the materials cited therein.

21.     Lannett admits only that it conducts business in California and throughout the United States. Lannett further admits that it sold C-Topical in California and elsewhere in the United States. Lannett denies the remainder of the allegations in Paragraph 21.

22.     Lannett admits only that Cody manufactured and packaged C-Topical sold by Lannett and that C-Topical was distributed in the United States from 2008 through August 2019.  Lannett denies the remaining allegations in Paragraph 22.

23.     Lannett admits only that it sold C-Topical in California and elsewhere in the United States. Lannett denies the remainder of the allegations in Paragraph 23.

24.     Lannett admits only that it distributed C-Topical in the United States from 2008 through August 2019.  Lannett denies the remainder of the allegations in Paragraph 24.

25.     Lannett denies the allegations in Paragraph 25.

26.     The allegations in Paragraph 26 are legal conclusions to which no response is required.

27.     Lannett admits only that it distributed C-Topical in the United States from 2008 through August 2019.  Lannett denies the remainder of the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 are legal conclusions to which no response is required.  To the extent a response is required, Lannett denies Genus's characterizations of the statute described therein to the extent those characterizations are inconsistent with the statute itself.

29.     Lannett admits only that on February 24, 2012, Lannett filed a Citizen Petition in which it requested the FDA affirm the "grandfather" status of cocaine hydrochloride products, including but not limited to Lannett's C-Topical product.  Lannett further admits that, in response, the FDA stated only that the evidence Lannett provided through the Citizen Petition process was "inadequate to support a conclusion either that cocaine HCl products in general, or Lannett's cocaine HCl…topical solutions in particular, meet the requirements of the 1938 grandfather clause," but the agency did

not make an affirmative finding that C-Topical is not grandfathered.  The remainder of the allegations in Paragraph 29 are legal conclusions to which no response is required.  To the extent a response is required, Lannett denies the allegations.

30.     The allegations in Paragraph 30 are legal conclusions to which no response is required.  To the extent a response is required, Lannett denies Genus's characterizations of the statute described therein to the extent those characterizations are inconsistent with the statute itself.

31.     The allegations in Paragraph 31 are legal conclusions to which no response is required.  To the extent a response is required, Lannett denies Genus's characterizations of the statute described therein to the extent those characterizations are inconsistent with the statute itself.

32.     The allegations in Paragraph 32 are legal conclusions to which no response is required.  To the extent a response is required, Lannett denies Genus's characterizations of the statute described therein to the extent those characterizations are inconsistent with the statute itself.

33.     To the extent the allegations in Paragraph 33 purport to characterize an FDA "guidance," that document is in writing and speaks for itself.  Lannett denies Genus's characterizations of the guidance to the extent those characterizations are inconsistent with the document itself.

34.     To the extent the allegations in Paragraph 34 purport to characterize an FDA "guidance," that document is in writing and speaks for itself.  Lannett denies Genus's characterizations of the guidance to the extent those characterizations are inconsistent with the document itself.

35.     To the extent the allegations in Paragraph 35 purport to characterize an FDA "guidance," that document is in writing and speaks for itself.  Lannett denies Plaintiff's characterizations of the guidance to the extent those characterizations are inconsistent with the document itself.

36.     Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36, and on that basis denies them.

37.     Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37, and on that basis denies them.

38.     Lannett admits only that it launched C-Topical in or around 2008.  Lannett denies the remainder of the allegations in Paragraph 38.

39.     The data cited in Paragraph 39 is in writing and speaks for itself.  Lannett denies Genus's

characterization of the data to the extent it is inconsistent with the data itself.  Lannett denies the remainder of the allegations in Paragraph 39.

40.    Lannett denies the allegations in Paragraph 40.

41.    Lannett denies the allegations in Paragraph 41.

42.    Lannett denies the allegations in Paragraph 42.

43.    The document cited in Paragraph 43 is in writing and speaks for itself.  Lannett denies Genus's characterization of that document to the extent it is inconsistent with the document itself. Lannett denies the remainder of the allegations in Paragraph 43

44.    Lannett denies the allegations in Paragraph 44.

45.    Lannett denies the allegations in the first sentence of Paragraph 45.  The remainder of the allegations in Paragraph 45 refer to documents which are in writing and speak for themselves. Lannett denies Genus's characterization of those documents to the extent it is inconsistent with the documents themselves.

46.    Lannett denies the allegations in Paragraph 46.

47.    Lannett denies the allegations in Paragraph 47.

48.    Lannett denies the allegations in Paragraph 48.

49.    Lannett denies the allegations in Paragraph 49.

50.    To the extent the allegations in Paragraph 50 purport to characterize an FDA "guidance," that document is in writing and speaks for itself.  Lannett denies Genus's characterizations of the guidance to the extent those characterizations are inconsistent with the document itself.

51.    The allegations in Paragraph 51 reference a Citizen Petition that Lannett filed with the FDA, which is in writing and speaks for itself.  Lannett denies Genus's characterizations to the extent they are inconsistent with the Citizen Petition.

52.    The allegations in Paragraph 52 refer to statements by the FDA which are in writing and speak for themselves.  Lannett denies Genus's characterization of those statement to the extent it is inconsistent with the statements themselves.

53.    The allegations in Paragraph 53 refer to statements by the FDA which are in writing and speak for themselves.  Lannett denies Genus's characterization of those statement to the extent it is

1  inconsistent with the statements themselves.  Lannett denies the remainder of the allegations in

2  Paragraph 53.

3  54.     Lannett denies the allegations in Paragraph 54.

4  55.     The allegations in Paragraph 55 refer to documents which are in writing and speak for

5  themselves.  Lannett denies Genus's characterizations of those materials to the extent those

6  characterizations are inconsistent with the documents themselves.  Lannett denies the remainder of

7  the allegations in Paragraph 55.

8  56.     Lannett denies the allegations in Paragraph 56.

9  57.     Lannett admits only that it sold C-Topical from at least 2008 until August 2019.  Lannett

10  denies the remainder of the allegations in Paragraph 57.

11  58.     The allegations in Paragraph 58 refer to documents which are in writing and speak for

12  themselves.  Lannett denies Genus's characterization of those documents to the extent it is

13  inconsistent with the documents themselves.  Lannett denies the remainder of the allegations in

14  Paragraph 58.

15  59.     The allegations in Paragraph 59 refer to documents which are in writing and speak for

16  themselves.  Lannett denies Genus's characterization of those documents to the extent it is

17  inconsistent with the documents themselves.  Lannett denies the remainder of the allegations in

18  Paragraph 59.

19  60.     The allegations in Paragraph 60 refer to documents which are in writing and speak for

20  themselves.  Lannett denies Genus's characterization of those documents to the extent it is

21  inconsistent with the documents themselves.  Lannett denies the remainder of the allegations in

22  Paragraph 60.

23  61.     Lannett that admits only that it invested in a dedicated sales force to market C-Topical.

24  Lannett denies the remainder of the allegations in Paragraph 61.

25  62.     Lannett admits only that Paragraph 62 identifies certain former Lannett employees that were

26  involved in marketing C-Topical.  Lannett further admits that certain members of the C-Topical

27  sales team attended training in or around January 2016.  The fourth and fifth sentences of Paragraph

28  62 refer to documents which are in writing and speak for themselves.  Lannett denies Genus's

characterization of those documents to the extent it is inconsistent with the documents themselves. Lannett denies the remainder of the allegations in Paragraph 62.

63.     Lannett admits only that the C-Topical sales team used both digital and hard copy materials describing C-Topical when working with customers.   Lannett denies the remainder of the allegations in Paragraph 63.

64.     Lannett denies the allegations in Paragraph 64.

65.     Lannett denies the allegations in Paragraph 65.

66.     Lannett denies the allegations in Paragraph 66.

67.     Lannett denies the allegations in the first sentence of Paragraph 67.  The remainder of the allegations in Paragraph 67 are legal conclusions to which no response is required.  To the extent a response is required, Lannett denies the allegations in Paragraph 67.

68.     Lannett admits only that the label for C-Topical stated it could be used for "local (topical) anesthesia of accessible mucous membranes of the oral, laryngeal and nasal cavities."  Lannett further admits that C-Topical was not approved by the FDA.  Lannett denies the remainder of the allegations in Paragraph 68.

69.     Lannett denies the allegations in Paragraph 69.

70.     Lannett admits only that cocaine hydrochloride solution can be used for the treatment of epistaxis.  Lannett denies the remainder of the allegations in Paragraph 70.

71.     Lannett admits only that cocaine hydrochloride solution has vasoconstrictive properties. The allegations in Paragraph 71 refer to documents and materials which are in writing and speak for themselves.  Lannett denies Genus characterization of those documents and materials to the extent it is inconsistent with the documents and materials themselves.  Lannett otherwise denies the allegations in Paragraph 71.

72.     Lannett denies the allegations in Paragraph 72.

73.     Lannett denies the allegations in Paragraph 73.

74.     Lannett denies the allegations in Paragraph 74.

75.     Lannett denies the allegations in Paragraph 75.

76.     Lannett is without sufficient knowledge or information to form a belief as to the truth of the

allegations in Paragraph 76, and on that basis denies them.

77.     Lannett denies the allegations in Paragraph 77.

78.     Lannett denies the allegations in Paragraph 78.

79.     Lannett denies the allegations in Paragraph 79.

80.     Lannett admits only that customers satisfied with C-Topical may repeat their purchases of C-Topical based on satisfaction with the product.  Lannett denies the remainder of the allegations in Paragraph 80.

81.     The allegations in Paragraph 81 refer to documents which are in writing and speak for themselves.  Lannett denies Genus's characterization of those documents to the extent they are inconsistent with the documents themselves.

82.     Lannett admits only that customers satisfied with C-Topical may repeat their purchases of C-Topical based on satisfaction with the product.  Lannett denies the remainder of the allegations in Paragraph 82.

83.     Lannett admits only that customers satisfied with C-Topical may repeat their purchases of C-Topical based on satisfaction with the product.  Lannett denies the remainder of the allegations in Paragraph 83.

84.     Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84, and on that basis denies them.

85.     Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85, and on that basis denies them.

86.     Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86, and on that basis denies them.

87.     Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 87, and on that basis denies them.

88.     Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88, and on that basis denies them.

89.     Lannett denies the allegations in Paragraph 89.

90.     Lannett denies the allegations in Paragraph 90.

91.     Lannett is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 91, and on that basis denies them.

92.     Lannett is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 92, and on that basis denies them.

93.     Lannett denies the allegations in Paragraph 93.

94.     Lannett denies the allegations in Paragraph 94.

95.     Lannett denies the allegations in Paragraph 95.

96.     Lannett denies the allegations in Paragraph 96.

97.     Lannett denies the allegations in Paragraph 97.

98.     Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 198.  .Lannett denies the allegations in Paragraph 98 to the extent they are inconsistent with the documents or materials referenced therein.

99.     Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 99, and on that basis denies them.

100.    Lannett denies the allegations in the first sentence of Paragraph 100.  Lannett is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 100, and on that basis denies them.  To the extent Paragraph 100 references a statement made by the FDA, that statement is in writing and speaks for itself.  Lannett denies Genus's characterization of the statement to the extent it is inconsistent with the statement itself.

101.    Lannett denies the allegations in Paragraph 101.

102.    Lannett denies the allegations in Paragraph 102.

103.    Lannett denies the allegations in the first sentence of Paragraph 103.  The allegations in the second sentence of Paragraph 103 reference a meta description for Lannett's webpage, which is in writing and speaks for itself.  Lannett denies Plaintiff's characterizations to the extent they are inconsistent with that description.

104.    The allegations in Paragraph 104 reference a meta description for Lannett's webpage, which is in writing and speaks for itself.  Lannett denies Plaintiff's characterizations to the extent they are inconsistent with that description.

105.    Lannett admits only that Paragraph 105 accurately describes what a meta description is. Lannett denies the remaining allegations in Paragraph 105.

106.    Lannett admits only that Paragraph 106 accurately identifies the URL associated with the meta description for Lannett's C-Topical webpage.  Lannett is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 106, and on that basis denies them.

107.    Lannett denies the allegations in Paragraph 107.

108.    Lannett denies the allegations in Paragraph 108.

109.    Lannett denies the allegations in Paragraph 109.

110.    Lannett denies the allegations in Paragraph 110.

111.    Lannett denies the allegations in Paragraph 111.

112.    Lannett admits only that the label for C-Topical reflected information related to storage conditions, an NDC number, a controlled substance mark, a lot number, an expiration date, the date the bottle label was last revised, "Rx Only," strength, a bar code, "Lannett," "manufactured by Cody Laboratories, Inc.," and directions to "[s]ee package insert for full prescribing information." Lannett denies the remainder of the allegations in Paragraph 112.

113.    Lannett denies the allegations in Paragraph 113.

114.    The allegations in Paragraph 114 refer to statements that are part of the record in this case, which is in writing and speaks for itself.  Lannett denies Plaintiff's characterizations to the extent they are inconsistent with the record.

115.    Lannett denies the allegations in Paragraph 115.

116.    Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 116, and on that basis denies them

117.    Lannett admits only that its label for C-Topical contained the designation "Rx only" and an NDC code, as required by FDA regulations.  Lannett denies the remainder of the allegations in Paragraph 117.

118.    Lannett admits only that it obtained a U.S. Trademark Registration for C-Topical and marketed C-Topical under the name C-Topical.  Lannett denies the remainder of the allegations in

1 | Paragraph 118.

2 | 119.    The allegations in Paragraph 119 refer to documents and testimony that speak for

3 | themselves.  Lannett denies Genus's characterization of the documents and testimony to the extent

4 | it is inconsistent with the documents and testimony themselves.

5 | 120.    Lannett denies the allegations in Paragraph 120.

6 | 121.    Lannett denies the allegations in Paragraph 121.

7 | 122.    Lannett admits only that it has sold C-Topical in California.  Lannett is without sufficient

8 | knowledge or information to form a belief as to the truth of the remainder of the allegations in

9 | Paragraph 122, and on that basis denies them.

10 | 123.    Lannett denies the allegations in the first and last sentences of Paragraph 123.   The

11 | allegations in Paragraph 123 refer to documents that are in writing and speak for themselves.

12 | Lannett denies Genus's characterization of the documents to the extent it is inconsistent with the

13 | documents themselves.

14 | 124.    The allegations in Paragraph 124 refer to a document which is in writing and speaks for

15 | itself.  Lannett denies Genus's characterization of the document to the extent it is inconsistent with

16 | the document itself.

17 | 125.    Lannett denies the allegations in Paragraph 125.

18 | 126.    Lannett is without sufficient knowledge or information to form a belief as to the truth of the

19 | allegations in Paragraph 126, and on that basis denies them.

20 | 127.    Lannett is without sufficient knowledge or information to form a belief as to the truth of the

21 | allegations in Paragraph 127, and on that basis denies them.

22 | 128.    Lannett is without sufficient knowledge or information to form a belief as to the truth of the

23 | allegations in Paragraph 128, and on that basis denies them.

24 | 129.    Lannett denies that Lannett falsely represented to customers that C-Topical was FDA

25 | approved.  Lannett is without sufficient knowledge or information for form a belief as to the truth

26 | of the remainder of the allegations in Paragraph 129 and on that basis denies them.

27 | 130.    The allegations in the third and fourth sentences of Paragraph 130 refer to documents which

28 | are in writing and speak for themselves.  Lannett denies Genus's characterization of the documents

- 11 -

to the extent it is inconsistent with the documents themselves. Lannett denies the remainder of the allegations Paragraph 130.

131. Lannett denies the allegations in Paragraph 131.

132. Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 132. Lannett denies the remainder of the allegations in Paragraph 132.

133. Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 133, and on that basis denies them. Lannett further denies any allegation that C-Topical was mislabeled or mischaracterized.

134. Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 134, and on that basis denies them. Lannett further denies any allegation that C-Topical was mislabeled or mischaracterized.

135. Lannett denies the allegations in the first sentence of Paragraph 135. Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in the remainder of Paragraph 135, and on that basis denies them.

136. Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 136, and on that basis denies them.

137. Lannett denies the allegations in Paragraph 137.

138. Lannett denies the allegations in Paragraph 138.

139. Lannett admits only that at certain times the C-Topical packaging and C-Topical package insert did not state that C-Topical had not been approved by the FDA. Lannett denies the remainder of the allegations in Paragraph 139.

140. Lannett admits only that it maintains the website www.lannett.com. Lannett denies the allegations in the second sentence of Paragraph 140 to the extent they are inconsistent with the documents or materials referenced therein. Lannett denies the remainder of the allegations in Paragraph 140.

141. Lannett denies the allegations in the second, third, and fourth sentences of Paragraph 141 to the extent they are inconsistent with the documents or materials referenced therein. Lannett

1    denies the remainder of the allegations in Paragraph 141.

2    142.    Lannett denies the allegations in Paragraph 142.

3    143.    The allegations in Paragraph 143 refer to statements that are part of the record in this case,

4    which is in writing and speaks for itself.  Lannett denies Genus's characterizations to the extent

5    they are inconsistent with the record.

6    144.    The allegations in Paragraph 144 refer to statements that are part of the record in this case,

7    which is in writing and speaks for itself.  Lannett denies Genus's characterizations to the extent

8    they are inconsistent with the record.

9    145.    Lannett is without sufficient knowledge or information to form a belief as to the truth of the

10   allegations in Paragraph 145, and on that basis denies them.

11   146.    Lannett denies the allegations in Paragraph 146.

12   147.    Lannett admits only that at certain times Cody maintained a website www.codylabs.com.

13   Lannett denies the allegations in the second and third sentences of Paragraph 147 to the extent they

14   are inconsistent with the documents or materials referenced therein.  Lannett denies the remainder

15   of the allegations in Paragraph 147.

16   148.    Lannett admits only that at certain times Cody's website identified cocaine hydrochloride

17   USP as one of Cody's active pharmaceutical ingredients ("API").  Lannett further admits that

18   Cody's cocaine hydrochloride API was used in Lannett's C-Topical product.  Lannett further

19   admits that C-Topical was not approved by the FDA.  Lannett denies the remainder of the

20   allegations in Paragraph 148.

21   149.    Lannett denies the allegations in Paragraph 149.

22   150.    Lannett denies the allegations in Paragraph 150.

23   151.    The allegations in the first sentence of Paragraph 151 refer to documents that are in writing

24   and speak for themselves.  Lannett denies Genus's characterization of those documents to the extent

25   it is inconsistent with the documents themselves.  Lannett denies the allegations in the second

26   sentence of Paragraph 151.

27   152.    The allegations in Paragraph 152 refer to statements that are part of the record in this case,

28   which is in writing and speaks for itself.  Lannett denies Genus's characterizations to the extent

they are inconsistent with the record itself.

153.    Lannett admits only that it produced in this litigation product catalogs referencing C-Topical.  Lannett denies the remainder of the allegations in paragraph 153.

154.    Lannett denies the allegations in Paragraph 154.

155.    Lannett denies the allegations in Paragraph 155.

156.    Lannett admits only that at certain times it described C-Topical as a "pre-1938" product that had not been approved by the FDA.  Lannett further admits that at certain times it disclosed that it had filed a New Drug Application for a cocaine hydrochloride product.   Lannett denies the remainder of the allegations in Paragraph 156.

157.    Lannett denies the allegations in Paragraph 157.

158.    Lannett denies the allegations in the first sentence of Paragraph 158.  The remainder of the allegations in Paragraph 158 characterize a document which is in writing and speaks for itself.  Lannett denies Genus's characterization to the extent it is inconsistent with the document itself.  Lannett denies the remainder of the allegations in Paragraph 158.

159.    The allegations in Paragraph 159 characterize a document which is in writing and speaks for itself.  Lannett denies Genus's characterization to the extent it is inconsistent with the document itself.  Lannett denies the remainder of the allegations in Paragraph 159.

160.    The allegations in Paragraph 160 characterize a document which is in writing and speaks for itself.  Lannett denies Genus's characterization to the extent it is inconsistent with the document itself.  Lannett denies the remainder of the allegations in Paragraph 160.

161.    The allegations in Paragraph 161 characterize legal authority which is in writing and speaks for itself.  Lannett denies Genus's characterization to the extent it is inconsistent with the authority itself.

162.    Lannett admits only that on February 24, 2012, Lannett filed a Citizen Petition in which it requested the FDA affirm the "grandfather" status of cocaine hydrochloride products, including but not limited to Lannett's C-Topical product.

163.    To the extent the allegations in the first sentence of Paragraph 163 purport to characterize FDA statements, those materials are in writing and speak for themselves.  Lannett denies Plaintiff's

characterization of those materials to the extent it is inconsistent with the materials themselves. With respect to the second and third sentences of Paragraph 163, Lannett admits only that on February 24, 2012, Lannett filed a Citizen Petition in which it requested the FDA affirm the "grandfather" status of cocaine hydrochloride products, including but not limited to Lannett's C-Topical product. Lannett further admits that, in response, the FDA stated only that the evidence Lannett provided through the Citizen Petition process was "inadequate to support a conclusion either that cocaine HCl products in general, or Lannett's cocaine HCl…topical solutions in particular, meet the requirements of the 1938 grandfather clause," but the agency did not make an affirmative finding that C-Topical is not grandfathered. The allegations in the fourth and fifth sentences of Paragraph 163 characterize documents which are in writing and speak for themselves. Lannett denies Genus's characterization to the extent it is inconsistent with the documents themselves. With respect to the sixth sentence of Paragraph 163, Lannett admits only that it ceased selling C-Topical in August 2019 at the request of the FDA. Lannett denies the remainder of the allegations in Paragraph 163.

164.    Lannett denies allegations in the first sentence of Paragraph 164. The allegations in the second sentence of Paragraph 164 refer to a document that is in writing and speaks for itself. Lannett denies Genus's characterization of that document to the extent it is inconsistent with the document itself. Lannett denies the allegations in the third sentence of Paragraph 164.

165.    Lannett admits only that at certain times Lannett described C-Topical as a "pre-1938" product that had not been approved by the FDA. Paragraph 165 refers to documents which are in writing and speak for themselves. Lannett denies Genus's characterization of those documents to the extent it is inconsistent with the documents themselves. Lannett denies the remainder of the allegations in Paragraph 165.

166.    Lannett admits only that Exhibits 30 and 98 are advertisements for C-Topical that state, in part, that "Cocaine HCl is a pre-1938 drug and has not been proven safe and effective by the FDA. Only the FDA can determine whether a drug is safe and effective for its intended use." Lannett denies the remainder of the allegations in Paragraph 166.

167.    Lannett admits only that at certain times Lannett's sales representatives used a digital sales

aid when discussing C-Topical with customers and potential customers. Lannett denies the remainder of the allegations in Paragraph 167.

168.    The first sentence of Paragraph 168 refers to documents that are in writing and speak for themselves. Lannett denies Genus's characterization of those documents to the extent it is inconsistent with the documents themselves. Lannett denies the second sentence of Paragraph 168.

169.    Lannett admits that www.lannettdirect.com contained the following statement: "Cocaine HCl is a pre-1938 drug and has completed a clinical trial to support a New Drug Application (NDA) submission. Only the FDA can determine whether a drug is safe and effective for its intended use." Lannett further admits that Jeff Farber is the owner of Auburn Pharmaceuticals and serves on Lannett's board of directors. Lannett further admits that at certain times C-Topical was sold through Auburn's website www.lannettdirect.com. Lannett denies the remainder of the allegations in Paragraph 169.

170.    Lannett denies the allegations in Paragraph 170.

171.    The allegations in Paragraph 171 refer to documents that are in writing and speak for themselves. Lannett denies Genus's characterization of those documents to the extent it is inconsistent with the documents themselves. Lannett denies the remainder of the allegations in Paragraph 171.

172.    Lannett admits only that in certain advertisements it described C-Topical as a "pre-1938" product that had not been approved by the FDA. To the extent Paragraph 172 refers to documents, those documents are in writing and speak for themselves. Lannett denies Genus's characterization of those documents to the extent it is inconsistent with the documents themselves. Lannett denies the remainder of the allegations in this paragraph.

173.    Lannett admits only that on February 24, 2012, Lannett filed a Citizen Petition in which it requested the FDA affirm the "grandfather" status of cocaine hydrochloride products, including but not limited to Lannett's C-Topical product. Lannett further admits that, in response, the FDA stated only that the evidence Lannett provided through the Citizen Petition process was "inadequate to support a conclusion either that cocaine HCl products in general, or Lannett's cocaine HCl…topical solutions in particular, meet the requirements of the 1938 grandfather clause," but the agency did

not make an affirmative finding that C-Topical is not grandfathered.  Lannett denies the remainder of the allegations in Paragraph 173.

174.    Lannett denies the allegations in Paragraph 174.  To the extent Paragraph 174 refers to legal authority, that legal authority is in writing and speaks for itself.  Lannett denies Genus's characterization of the authority to the extent it is inconsistent with the legal authority itself.

175.    Lannett denies the allegations in Paragraph 175.

176.    Lannett denies the allegations in the first sentence of Paragraph 176.  The remainder of the allegations in Paragraph 176 refer to documents which are in writing and speak for themselves. Lannett denies Genus's characterization of the documents cited therein to the extent they are inconsistent with the documents themselves.

177.    Lannett denies the allegations in the first sentence of Paragraph 177.  The second sentence of Paragraph 177 refers to legal authority that is in writing and speaks for itself.  Lannett denies Genus's characterization of the cited legal authority to the extent it is inconsistent with the authority itself.

178.    Lannett admits only that it submitted an NDA for cocaine hydrochloride to the FDA in or around July 2017.  Lannett denies the remainder of the allegations in Paragraph 178.

179.    The allegations in Paragraph 179 are legal conclusions to which no response is required. To the extent a response is required, Lannett denies the allegations in Paragraph 179.

180.    The allegations in the first and second sentence of Paragraph 180 are legal conclusions to which no response is required.  To the extent a response is required, Lannett denies the allegations in the first and second sentence of Paragraph 180.  Lannett denies the allegations in the third sentence of Paragraph 180.

181.    Lannett denies the allegations in Paragraph 181.

182.    The allegations in Paragraph 182 refer to documents that are in writing and speak for themselves.  Lannett denies Genus's characterization of the documents cited therein to the extent they are inconsistent with the documents themselves.  Lannett denies the remainder of the allegations in Paragraph 182.

183.    Lannett denies the allegations in the first sentence of Paragraph 183.  The second and third

sentences of Paragraph 183 refer to briefing in this matter, which is in writing and speaks for itself. Lannett denies Genus's characterization of the briefing to the extent it is inconsistent with the briefing itself.  Lannett denies the allegations in the third sentence of Paragraph 183.  The fourth sentence of Paragraph 183 refers to documents that are in writing and speak for themselves.  Lannett denies Genus's characterization of the documents referred to therein to the extent it is inconsistent with the documents themselves.  Lannett denies the allegations in the fifth sentence of Paragraph 183.

184.   Lannett denies the allegations in the first sentence of Paragraph 184.  Lannett is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 184, and on that basis denies them.  Lannett denies the allegations in the third sentence of Paragraph 184.

185.   Lannett denies the allegations in Paragraph 185.

186.   The allegations in Paragraph 186 refer to documents, which are in writing and speak for themselves.  Lannett denies Genus's characterization of the documents cited therein to the extent it is inconsistent with the documents themselves.  Lannett denies the remainder of the allegations in Paragraph 186.

187.   The allegations in Paragraph 187 refer to documents, which are in writing and speak for themselves.  Lannett denies Genus's characterization of the documents cited therein to the extent they are inconsistent with the documents themselves.   Lannett denies the remainder of the allegations in Paragraph 187.

188.   Lannett admits only that C-Topical was not approved by the FDA and that the label and packaging for C-Topical was not approved by the FDA.  Lannett denies the remainder of the allegations in Paragraph 188.

189.   The allegations in Paragraph 189 are legal conclusions to which no response is required. To the extent is response is required, Lannett denies the allegations in Paragraph 189.

190.   Lannett denies the allegations in Paragraph 190.

191.   Lannett denies the allegations in Paragraph 191.

192.   Lannett denies the allegations in Paragraph 192.

193.     Lannett denies the allegations in the first and second sentence of Paragraph 193.   With respect to the third and fourth sentences in Paragraph 193, the documents cited in therein are in writing and speak for themselves.  Lannett denies Genus's characterization of the documents to the extent they are inconsistent with the documents themselves.  The fifth sentence of Paragraph 193 is a legal conclusion to which no response is required.  To the extent a response is required, Lannett denies Genus's characterization of the legal authority cited therein to the extent it is inconsistent with the legal authority itself.  Lannett denies the remainder of the allegations in Paragraph 193.

194.     Lannett denies the allegations in Paragraph 194.

195.     Lannett denies the allegations in Paragraph 195.

196.     Lannett admits only that it has described C-Topical as being indicated "for the local (topical) anesthesia of accessible mucous membranes of the oral, laryngeal, and nasal cavities."   To the extent Paragraph 196 refers to documents, those documents speak for themselves and Lannett denies the allegations in Paragraph 196 to the extent they are inconsistent with the materials cited therein.  Lannett denies the remainder of the allegations in Paragraph 196.

197.     Lannett denies the allegations in Paragraph 197.

198.     Lannett denies the allegations in Paragraph 198.

199.     Lannett admits only that it has described C-Topical as being indicated "for the local (topical) anesthesia of accessible mucous membranes of the oral, laryngeal, and nasal cavities."   Lannett denies the remainder of the allegations in Paragraph 199.

200.     Lannett denies the allegations in Paragraph 200.

201.     Lannett incorporates its answers to Paragraphs 1-200 of the Second Amended Complaint as set forth therein.

202.     Lannett admits only that it sold C-Topical in the United States, including California, to customers that included, among others, wholesalers, GPOs, and certain healthcare providers.  Lannett denies the remainder of the allegations in Paragraph 202.

203.     Lannett denies the allegations in Paragraph 203.

204.     Lannett admits only that it stated, in certain advertisements, that C-Topical was a "pre-1938" drug that had not been approved by the FDA.  Lannett denies the remainder of the allegations

1   in Paragraph 204.

2   205.   Lannett denies the allegations in Paragraph 205.

3   206.   Lannett denies the allegations in Paragraph 206.

4   207.   Lannett denies the allegations in Paragraph 207.

5   208.   Lannett denies the allegations in Paragraph 208.

6   209.   Lannett denies the allegations in Paragraph 209.

7   210.   Lannett denies the allegations in Paragraph 210.

8   211.   Lannett denies the allegations in Paragraph 211.

9   212.   Lannett denies the allegations in Paragraph 212.

10   213.   Lannett incorporates its answers to Paragraphs 1-212 of the Second Amended Complaint as

11   set forth therein.

12   214.   The allegations in Paragraph 214 are legal conclusions to which no response is required.

13   To the extent a response is required, Lannett denies Genus's characterization of the statute

14   described therein to the extent it is inconsistent with the statute itself.

15   215.   Lannett denies the allegations in Paragraph 215.

16   216.   Lannett denies the allegations in Paragraph 216.

17   217.   Lannett denies the allegations in Paragraph 217.

18   218.   Lannett denies the allegations in Paragraph 218.

19   219.   Lannett denies the allegations in Paragraph 219.

20   220.   Lannett denies the allegations in Paragraph 220.

21   221.   Lannett denies the allegations in Paragraph 221.

22   222.   Lannett denies the allegations in Paragraph 222.

23   223.   Lannett incorporates its answers to Paragraphs 1-222 of the Second Amended Complaint as

24   set forth therein.

25   224.   The allegations in Paragraph 224 are legal conclusions to which no response is required.

26   To the extent a response is required, Lannett denies Genus's characterization of the statutes

27   described therein the extent they are inconsistent with the statutes themselves.

28   225.   Lannett denies the allegations in Paragraph 225.

226.     The allegations in Paragraph 226 are legal conclusions to which no response is required. To the extent a response is required, with respect to the first two sentences of Paragraph 226, Lannett denies Genus's characterization of the statute described therein to the extent they are inconsistent with the statute itself.  With respect to the third and fourth sentences of Paragraph 226, Lannett admits only that C-Topical was not approved by the FDA and that Lannett sold C-Topical from at least 2008 until August 2019.  Lannett denies the remainder of the allegations in Paragraph 226.

227.     Lannett denies the allegations in Paragraph 227.

228.     Lannett denies the allegations in Paragraph 228.

229.     Lannett incorporates its answers to Paragraph 1-228 of the Second Amended Complaint as set forth herein.

230.     Lannett denies the allegations in Paragraph 230.

231.     Lannett denies the allegations in Paragraph 231.

232.     Lannett denies the allegations in Paragraph 232.

233.     Lannett denies the allegations in Paragraph 233.

234.     Lannett denies the allegations in Paragraph 234.

235.     Lannett denies the allegations in Paragraph 235.

236.     Lannett denies the allegations in Paragraph 236.

237.     Lannett denies the allegations in Paragraph 237.

238.     Lannett denies the allegations in Paragraph 238.

239.     Lannett denies the allegations in Paragraph 239.

## **PRAYER FOR RELIEF**

Lannett denies the allegations in this Section and denies that Genus is entitled to any relief.

## **DEMAND FOR JURY TRIAL**

Lannett denies the allegations in this Section and denies that Genus is entitled to a jury trial.

***Lannett denies each and every allegation in the Second Amended Complaint not***

*specifically and expressly admitted above.*

<u>**ADDITIONAL DEFENSES**</u>

Lannett reserves the right to assert any and all applicable defenses to Genus's claims. Lannett has not yet obtained sufficient discovery from Genus and therefore reserves the right to amend or otherwise supplement this pleading.  Without limiting the generality of the foregoing, without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c)(1), and without conceding that any such defenses must be set forth in its Answer or assuming any burden of proof that it would not otherwise bear, Lannett states as follows:

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

1.      Genus fails to state a claim upon which relief can be granted.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

2.      Genus's claims are barred, in whole or in part, by the applicable statutes of limitations. Specifically, Genus brings claims under California's Unfair Competition Law ("UCL").  The statute of limitations for claims under the UCL is four years from the accrual of the cause of action.  *See* Ca. Bus. & Prof. Code. § 17208.  To the extent Genus brings claims based on conduct that occurred outside the statute of limitations, such claims are time barred.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

3.      Genus has not suffered any injury or damage as a result of any conduct alleged as a basis of this lawsuit.

**FOURTH AFFIRMATIVE DEFENSE**

4.      Genus's claims are barred, in whole or in part, because Genus has not suffered injury proximately caused by any conduct on the part of Lannett.

**FIFTH AFFIRMATIVE DEFENSE**

5.      Genus's claims are barred, in whole or in part, because Genus's alleged damages, if any, are too remote and speculative and because of the impossibility of proof as to those damages.

**SIXTH AFFIRMATIVE DEFENSE**

6.      Genus's claims are barred, in whole or in part, because Genus's damages, if any, resulted from the acts or omissions of Genus or third parties over whom Lannett had no control, which constitute intervening or superseding causes of harm.  Specifically, Genus damages, if any, resulted from Genus's failure to appropriately and adequately market its Goprelto product, and are not the result of any conduct on the part of Lannett.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      Genus's claims are barred, in whole or in part, by Genus's failure to mitigate its damages, if any.  Specifically, Genus failed to appropriately and adequately market its Goprelto product in a manner sufficient to mitigate its damages, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      Genus's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.  Specifically, Genus has failed to appropriately and adequately market its Goprelto product, which is the result of any damages it may have suffered.

## NINTH AFFIRMATIVE DEFENSE

9.     Genus's claims for injunctive relief are barred because Genus cannot show it will suffer irreparable harm.

Respectfully submitted,

Dated:        December 17, 2019               DECHERT LLP


By:  _/s/ George G. Gordon_
     George G. Gordon
     Julia Chapman
     John P. McClam
     Tiffany E. Engsell
     Nisha Patel

     *Attorneys for Defendants*
     *Lannett Company, Inc. and*
     *Cody Laboratories, Inc.*